## BUCK *v.* MESERVE.

The act of July 4, 1838, for the relief of imprisoned debtors, relates only to contracts made after its passage; and it is not necessary for a creditor committing his debtor on execution, to give notice to the jailer of the time when the contract was made upon which the judgment was rendered.

CASE against the defendant as sheriff of the county of Coös, for the escape of William Rigney from the jail in Lancaster, committed on execution.

The parties agreed upon the following statement of facts:

The plaintiff at the Court of Common Pleas holden at Plymouth, Grafton county, on the first Tuesday of November 1840, recovered judgment against one William Rigney for $50.37 debt, and $14.08 costs. Execution issued November 13, 1840, and was delivered to Reuben

Stephenson, as deputy of the defendant, sheriff of Coös County, who on the 20th of April 1841, committed the said Rigney to the jail in Lancaster; that four or five days from said commitment, Rigney was permitted to go at large by the deputy jailer; that no information was given at the time of commitment or afterward, by indorsement on the execution or otherwise, of the time when the contract was made upon which the judgment was founded.

The judgment was founded on a note dated May 20, 1838, for $69.52 payable to the plaintiff on demand with annual interest.

It was agreed that said Rigney at the time of commitment and even afterward was poor and unable to pay the jailer his board, and that the plaintiff neither paid the same, nor secured it in any manner; the said Rigney had not at the time of the arrest, nor after, estate of twenty dollars' value except what by law is exempted from attachment.

It was agreed that judgment be rendered for the plaintiff for one cent damages, and such costs as the court in case of a verdict for one cent damage would adjudge, if the court should be of the opinion that the plaintiff is entitled to recover on the foregoing case; otherwise for defendant for his costs.

*Perley,* for the plaintiff. The demand was prior to the act of July 4, 1838, and therefore not within its general provisions. The creditor is not required to give notice of that fact to the sheriff or jailer.

*Young,* for the defendant. The statute was for the benefit of the sheriff. The plaintiffs seek to take advantage of an exception. They should therefore have given notice to the jailer that the case was within the exception.

*Perley,* in reply. The statute gives a benefit to the

jailer. He must take it under the limitations with which it is granted. In the cases falling within the general provision he may discharge or not, as he sees fit. He is under no constraint, and may inquire at his convenience whether the case is one which justifies him in releasing the prisoner.

Woods, J. The question raised by the case is whether the release of Rigney from his imprisonment by the deputy jailer, was under the circumstances, an unauthorized act and therefore an escape, or whether it was authorized by law.

Prior to the passage of the act of July 4, 1838, entitled an act for the relief of imprisoned debtors, there was no law under which the act complained of in this case, could have been justified. The release was clearly an escape unless the proceeding was justified by the provisions of that act.

These are—Sec. 3. "That no person who shall hereafter be committed on civil process, or who having been committed shall not be discharged from said process, shall on such commitment be detained a close prisoner for the nonpayment of the prison charges therein; but such charges, if the prisoner be of sufficient ability to pay them, shall be a debt against the prisoner, to be sued and prosecuted like other demands due on account."

Sec. 4. "If the creditor or person at whose suit any person shall hereafter be committed to close prison, shall not within twenty-four hours after such commitment give or cause to be given to the jailer satisfactory security or security approved by a justice of the peace, by bond, the effect of the condition of which shall be, that in case of the inability of the prisoner to pay the prison charges to the jailer, the principal in the bond shall pay them, the said jailer may discharge such prisoner from his imprisonment."

Sec. 6. "The third and fourth sections of this act shall not be so construed as to affect any debts contracted, any contract made, or any suits pending, prior to the passage of this act."

It is contended by the defendant, that inasmuch as the judgment was rendered in 1840, after the act and while it was in operation, and as it did not appear by the execution or by the judgment recited in it, that the debt on which it was founded was contracted prior to the passage of the act, and as no notice was given to the jailer, either at the time of the commitment or at any time before the release of the prisoner, that the debt was contracted before the passage of the act, the jailer had the right to regard the case as falling within the general provisions of the act, and not as one embraced in the exception; consequently, it is contended, that he was authorized to release the prisoner from his custody upon the default of the creditor to make the required provision for the payment of the prison charges, and that the discharge after the expiration of the time within which such security should have been furnished, did not therefore constitute an escape.

But the court are unable to adopt this view of the case. Prior to the passing of the act, and but for its provisions, this act of the jailer in discharging from custody a prisoner committed on execution, would amount to an escape. Has the act in any way affected his duties and liabilities as to cases arising upon contracts made previous to its passage? The sixth section of the act appears to be clear and explicit, in excepting from its general provisions cases of that description. These remain as if no such act existed. Before the act, no bond for the payment of prison charges was required of the creditor, nor was any notice as to the time when the debt was contracted required to be given by him in order to preserve his rights, or his

remedy against the sheriff in the event of the prisoner's escape.

Nor does the statute, either in terms or by reasonable implication, require any such bond or notice in the class of cases referred to as excepted out of its general operation.

The object of the law was to furnish the jailer a certain provision for the payment of the prison charges, and to exempt the debtor from liability to be detained for their payment, by requiring the creditor himself to provide for them. But the provisions of the act having by its terms been restricted to cases arising upon contracts made after its passage, in no way affect the case out of which the present controversy has sprung.

The duty to inquire and to know, in each particular case, whether it is one in which he has the right to discharge the prisoner for want of a bond, and whether it falls within the general provisions of the act, or is contained in the exception, devolves upon the jailer himself. A notice from the creditor could do no more than put him upon inquiry; and it is not required. The motion to restrict the costs should be made in the Common Pleas.

*Judgment must therefore be rendered for the plaintiff according to the agreement.*